UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STARFIRE SYSTEMS, INC., ) ) Plaintiff, ) ) - against - ) ) EXTREME ENVIRONMENT ) MATERIALS SOLUTIONS, LLC, ) HERBERT ARMSTRONG, and ) WALTER J. SHERWOOD, ) ) Defendants. ) ) | Civil Action No. 11-cv-00888 (GLS-DRH) STIPULATION AND ORDER FOR PERMANENT INJUNCTION |

WHEREAS, Plaintiff Starfire Systems, Inc. ("Starfire") commenced this action against Defendants Extreme Environment Materials Solutions, LLC, Herbert Armstrong, and Walter J. Sherwood (collectively "Defendants") alleging (1) Federal Trademark Infringement under the Lanham Act, 15 USC § 1114(1), (2) Federal Unfair Competition under the Lanham Act, 15 USC § 1125(a), (3) Cyberpiracy under the Lanham Act, 15 USC § 1125(d), (4) breach of contract against Armstrong, (5) breach of contract against Sherwood, (6) misappropriation of trade secrets under New York common law, and (7) unfair competition under New York common law; and

WHEREAS, Starfire's Complaint seeks the entry of a permanent injunction, damages, and other relief; and

WHEREAS, the parties wish to settle and resolve all claims and controversies relating to the matters alleged in the Complaint with no admission of liability on the part of either party, and have stipulated and agreed to the matters recited herein; and

{A0616394.1}

WHEREAS, the Court has reviewed the settlement terms herein, notes the parties' consent thereto (including to the entry of injunctive relief) and orders the entry of a permanent injunction as agreed to by both parties herein;

**NOW THEREFORE, IT IS ORDERED, ADJUDGED and DECREED** as follows:

A.  **LIMITED RELEASE**

1. Each Party hereby completely releases and forever discharges the other party or parties, and each and all of their employees, servants, officers, executors, administrators, directors, subsidiaries, agents, affiliates, heirs, successors, and assigns of and from any and all past, present, or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature whatsoever, whether based on a tort, contract or any theory of recovery, and whether for compensatory or punitive damages, which the releasing party now has, or which may hereafter accrue or otherwise be acquired, on account of, or may in any way grow out of, or which are the subject of the incident alleged or of the complaint (and all related pleadings), which may have resulted from the alleged acts or omissions of the Defendants. It is expressly understood and agreed that this release does not cover, and expressly permits, any claims, demands, obligations, actions, causes of action, and rights which arise out of or relate to unfair competition or misappropriation of trade secrets related to products other than Starfire's SMP-10.

2. This release and discharge shall also apply to each party's officers, directors, stockholders, attorneys, agents, servants, representatives, employees, subsidiaries, affiliates, partners, insurers, predecessors and successors in interest, and assigns.

3. This release shall be a fully binding and complete settlement among the Plaintiff, the Defendants, and each and all of their employees, servants, officers, executors, administrators, directors, subsidiaries, agents, affiliates, heirs, successors, and assigns.

B   STARFIRE'S SMP-10

4. Defendants, and their members, officers, agents, servants, employees, successors, and assigns, and those persons acting in concert or participation with them who have notice hereof (including any existing or new entities with one or more of the same owners, officers, or employees) are hereby permanently and forever enjoined and restrained from

    a. developing, manufacturing, purchasing, selling, or brokering,:

        i. Any Allylhydridopolycarbosilane ("AHPCS") or

        ii. Any Hydridopolycarbosilane ("HPCS"), or any HPCS derivative, or any allyl substituted polycarbosilane, that utilizes the process, or any elements of the process, described in Starfire's Highly Confidential documents, or

        iii. Any product which is chemically the same as those described in paragraph B.4.a(i) and (ii) or which Defendants claim is a direct substitute for SMP-10 or

    b. referring to any products (other than Starfire's) by use of any of the following designations or terms or any derivatives thereof: SMP-10, CS-160, CS-160HT, or Starfire,

    c. marketing any products by claiming or representing that the product is similar to or a substitute for, Starfire's SMP-10, and

    d. providing assistance (direct or indirect) of any kind, including but not limited to technical or marketing, to any person or entity that contemplates or does any of the matters set forth in paragraphs (i) through (iii) herein.

C.   STARFIRE'S REGISTERED TRADEMARKS

5. Defendants agree that Starfire is the owner of (i) US Trademark Registration No. 2,927,393 and (ii) US Trademark Registration No. 3,039,009 (collectively "Starfire's

{M0616394.1}

3

Trademarks") and has common law trademark rights to both such trademark registrations, and each Defendant agrees that those rights are valid and enforceable.

6. Defendants, and their members, officers, agents, servants, employees, successors and assigns, and those persons acting in concert or participation with any of them who have notice hereof (including any existing or new entities with one or more of the same owners, officers, or employees), are hereby permanently and forever enjoined and restrained from using the terms "Starfire", "Starfire Systems" or any mark or designation similar to the name, style and logo of Starfire's Trademarks, or imitations thereof, whose appearance or sale is likely to cause confusion, mistake, or deception within the market for Starfire's goods or services, including but not limited to the sale, offering for sale, distributing, advertising, and displaying of such goods and services anywhere in the United States or in any other country or place.

7. Defendants upon entry of this Order shall immediately (i) discontinue use of the www.starfire.co domain name and website and (ii) exercise their best efforts to achieve the permanent removal and deletion of all references to such domain name and website so that they no longer appear on the internet, whether in a historical archive, or otherwise.

8. Defendants and their members, officers, agents, servants, employees, successors, and assigns, and all those persons acting in concert or participation with any of them who have notice hereof (including any existing or new entities with one or more of the same owners, officers, or employees), are hereby permanently and forever enjoined from, directly or indirectly, establishing, using, benefitting from, or having any involvement with, either (i) the "www.starfire.co" domain name and website, or (ii) any other domain name or website that, directly or indirectly, uses, refers to, or contains the term "Starfire", "Starfire Systems", or any name or mark similar to the name, style and logo of Starfire's Trademarks.

D. **OTHER TERMS**

9. Within thirty (30) days of their execution of this Stipulation and Order, Defendants will return to Starfire, without retaining copies, all documents disclosed by Starfire in this litigation and all Starfire documents and materials obtained by the Defendants from Starfire, including but not limited to those obtained during the course of their employment with Starfire (except documents concerning the employment and benefits of Sherwood and Armstrong which do not include technical or business information of Starfire).

10. Defendants (a) hereby warrant and represent to Starfire that they are not in possession of any materials reciting the information contained in the Highly Confidential material disclosed by Starfire in this litigation and that they have not retained Starfire's Highly Confidential material, and that they have not shared or disclosed Starfire's Highly Confidential material, or the information set forth therein, to any other person or entity; (b) will identify fully, in writing, within one (1) business day of their execution of this Stipulation and Order, the name, address and employer (if any, including such employer's address) of each person to whom materials have been disclosed, as well as the date of each such disclosure; and (c) will ensure immediate recovery and return to Starfire of any such materials.

11. Within thirty (30) days of its execution of this Stipulation and Order, Starfire will return to the Defendants, without retaining copies, all documents disclosed by the Defendants in this litigation and warrants and represents that Starfire will not make any use of business confidential information contained there-in for commercial purposes.

12. Within ten (10) days of execution of this Stipulation and Order, Defendants will deliver to Starfire all AHPCS or SMP-10 in their possession or control. Plaintiff takes full responsibility for the disposal of said AHPCS or SMP-10.

13. This Court retains jurisdiction over this Stipulation and Order, and any applications with regard to the enforcement of this Stipulation and Order shall be directed to this Court.

14. In the event that Starfire makes an application for enforcement of this Stipulation and Order and succeeds on such application or obtains relief, whether by court order or settlement, Defendants, jointly and severally, shall reimburse Starfire for all of the attorneys' fees, costs, and disbursements incurred by Starfire with respect to such application (including but not limited to attorneys' fees, costs, and disbursements arising out of or in connection with Starfire's investigation or other work concerning the grounds, or potential grounds, for such application).

15. All claims and defenses in this action are hereby dismissed with prejudice, each party to bear its own attorneys' fees, costs, and disbursements.

16. The parties and their respective counsel hereby consent to the terms and conditions of this Stipulation and Order as set forth herein and consent to the entry thereof. This consent to entry may be executed in one or more counterparts, each of which when so executed shall, together, constitute and be one and the same instrument.

Dated: 12/18/12

_____
Christopher Massaroni, Esq.
Bar Roll No.: 102127
McNamee, Lochner, Titus & Williams, P.C.
677 Broadway, 5th Floor
Albany, New York 12207
*Counsel to Starfire Systems, Inc.*

Dated: 12/17/2012

_____
Starfire Systems, Inc.

Dated: 12/17/12

_____
Gregory Eriksen, Esq.
Bar Roll No. 517205
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, New York 13202
*Counsel to all Defendants*

Dated: 12/14/12

_____
EXTREME ENVIRONMENT MATERIALS SOLUTIONS, LLC

Dated: 12/14/12

_____
HERBERT ARMSTRONG

Dated: 12/14/2012

_____
WALTER J. SHERWOOD


IT IS SO ORDERED:

_____
Honorable Gary L. Sharpe
U.S. District Court Judge

December 21, 2012
Dated